O-Neall J.
In the view which we have taken of this case, we regard the question whether the plaintiff had the right to amend the execution, as the princi-Pat one, to which all others are subordinate. To decide it, it will be necessary to consider it in two points of view; 1st. as to the liability of the adm’r. to costs de bonis propriis, and 2nd. the right of the plaintiffs to amend without notice to the adm’r.
In Hullock’s Law of costs 196, it is said “ where a party defends as executor or administrator, he is liable to costs in all cases, and in the same manner as other defendants ; and the judgment as to the costs is de bonis testatoris si &fc. ei si non tunc de bonis propriis. If however, he pleads plene administravit generally, or praeter alone, and it is confessed or found for him, and the plaintiff takes judgment of assets quando ac-ciderint, the executor or administrator defendant would not be liable to the plaintiff’s costs, but would be entitled to judgment against the plaintiff for his costs. 1 Saund. 336 2 Tidds practice 1017. Osterhout v. Hardenbergh adm’r. 19 John. R. 266. In the case of Smith v. Goggans, State Rep. 52, the rule stated by Huilock was recognized and adopted; and it was held in that case, that where the administrator pleaded the general issue and plene administravit praeter, and the latter was confessed by the plaintiff, and the former found in his favor and against the defendant, that the adm’r. was liable for costs de bonis propriis. These authorities, however, suppose the executor or administrator to have defended the case, and the case before us presents the question, is he liable for costs when he makes no defence and suffers judgment to go against him by default? Upon first considering the case I was very much inclined to think that he was not liable for costs in the first instance, and that he could be only made liable in the same way for them that he could for the debt, by an action of debt suggesting a devastavit. But on a careful examination of the authorities 1 am satisfied that my first impression was wrong. In the case of Rock v. Leighton, 1 Salk. 310, it was held that “if an executor confesses or suffers *243 •judgment by default, he admits assets in his hands and is estopped to deny the contrary.” This has ever since been regarded as a settled rule at law. The judgment for the debt is however de bonis testatoris, and the defendant is made liable de bonis'propriis by an action of debt suggesting a devastavit. For in legal contemplation, the assets of the testator are supposed to be in the hands of the executor, and that they can be made available by an execution against the testator’s goods ; this legal presumption is only rebutted by a return of nidia bona on the execution, fixing the devastavit. The only reason which can be assigned why an executor or administrator should in such a case, be liable in the first instance to the costs, is, that either his confession or default, is an admission of the debt, and that he has in his hands assets sufficient to pay it, and hence that he should pay the costs out of his own funds as a punishment for neglecting his duty in this respect, the payment of the debt. — • This, it appears to me, is a just and valid reason why he should be liable de bonis propriis. In 2. Tidd’s practice, 1017, speaking of the judgment against an executor or administrator -'‘by confession or nihil dieii,” it is said to be “for the debt or damages and costs, to be levied of the goods of the testator or intestate in the hands of the defendant, if he hath so much in his hands to be administered, and if not, then the costs to be levied of his own proper goods.” The authorities referred to by Tidd, do not sustain his position, except an observation of Lord Kenyon in the case of Farr v. Newman, 4 T. R. 648, and that does not cover the whole ground assumed. In looking however into the precedents of judgments at law, which Lord Kenyon, I think, with great force said, were the best evidence of what the law is, I find them to be uniformly entered up against executors or administrators by nil dicit, according to the rule stated by Tidd. 2. Richardson’s practice, 2nd part, 57, 188, 189. 3. Tidd, 213. The judgment of nihil ditit is, judgment for want of defence, and may as well be entered up for want of appearance, which is strict *244 ty a judgment by default, as for tbe want of a plea.. The same rule must govern in both instances.
Ante 167.
The administrator being liable to costs de bonis pro-priis, it is now necessary to consider whether the execution could be amended without notice to the administrator, Before proceeding to consider this point, it is necessary to premise that the case against the administrator was by summary process, the judgment in which is the decree, entered on the minutes of the Court. There is no technical precision observed in the entry of the decree, it is merely that the plaintiff recover an ascertained sum against the defendant. This short entry is considered a judgment, for all purposes for which it could be regularly entered. There is, therefore, no error in the judgment, and it must be considered as standing precisely upon the same footing, as a judgment entered against the administrator, for the debt and costs, “to be levied of the lands tenements and hereditaments, which were of the said T. P. at the time of his death; and of the goods and chattels, which were of the said T. P., at the time of his death, in the hands of the said J. P. as administrator as aforesaid, to be administered, if he has so much in his hands to be administered: and if there are no lands, tenements and hereditaments of the said T. P., and the said J. P. as administrator, as aforesaid, hath not so much goods and chattels of the said T. P. (deceased) in his hands to be administered, as will pay and satisfy the said debt and costs, then dollars, being the costs and charges aforesaid, to be levied of the proper goods and chattels, lands, tenements and he-reditaments of the said J. P.” If, however, the judgment had been irregularly entered up, it might have been amended, on motion, as was decided at our last session, in Charleston, in the case of Hubbell v. Fogartie & wife. In 1 Saund. 336, note 10, to the case of Hancocke v. Prowd, the authority for that decision will be found. “ If the judgment be entered do bonis propriis, instead of bonis testatoris si &c., it is considered as a mere clerical mistake, which the Court be *245 low will amend on motion, even after the record has been removed by error and argument in the Court of Error.” If the judgment may be amended on motion, it follows that the execution may. Both are regarded, as in some degree, the act of the Court, and both are amendable in its discretion, in all matters of form. It has long been the settled practice in this State, to allow executions to be amended so as to conform to the judgment, even after a sale under them by the sheriff, as of course, and without a rule or notice to the defendant in execution. I am therefore, satisfied that the administrator was liable for the costs de bonis propriis, and that the execution was properly allowed to be amended on motion, without any notice to the administrator.
The amendment, when made, has relation back to the time at which the execution was issued; and it is considered as issued in the form in which it stands when amended. In that point of view, the sheriff had in his hands, when he sol ’ the administrator’s land, a legal authority to sell it for the costs. Whether he sold for the debt or costs, or for both, was perfectly immaterial to the purchaser. He was only bound to inquire, has the sheriff authority to sell ? If he had, he might buy, and could not be affected by any irregularity in the sale, or the application of the proceeds. The presiding Judge was, I think, therefore, in error, in submitting to the jury the question, whether the sheriff sold the land for the debt, or for the costs ? His sale was good, let his object in selling be what it might, inasmuch as he had a legal authority to sell.
The jury having found against the purchaser’s title, on the question submitted to them by the Judge, we think a new trial must be granted, and it is so ordered.
Johnson J. concurred.
Harper J. absent